IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **17 - CV - 02446**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 OCT 11  PM 3:48

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Plaintiff. **Lisa D. Wilcox-Tomlinson**

v.

Defendant. **American Airlines, Inc.**
   and   **Lisa Valiente**, individually

---

## TITLE VII COMPLAINT

---

### PARTIES

1. Plaintiff   Lisa D. Wilcox-Tomlinson   is a citizen of   Colorado, USA
   who presently resides at the following address:   815 S. Sweetwater Drive, Pueblo West, CO 81007

2. Defendant   American Airlines, Inc.   lives at or is located at the following address:
   4333 Amon Carter Blvd.   Fort Worth, TX 76155

3. Defendant Lisa Valiente and her marital community presumably a resident in Texas.

### JURISDICTION AND VENUE

4. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5.

5. Defendant is an employer within the meaning of Title VII.

6. The alleged unlawful employment practices took place at the following location:
   Colorado Springs Airport, 7700 Milton E. Proby Pkwy, Colorado Springs, CO 80916

(Rev. 07/06)

7. The plaintiff was an employee within the meaning of Title VII
8. Jurisdiction is asserted pursuant to the Americans with Disability Act.

## ADMINISTRATIVE PROCEDURES

9. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about <u>August 31, 2016</u> regarding the alleged discriminatory conduct by Defendant(s).

10. Plaintiff received from the Equal Employment Opportunity Commission a Notice of Right to Sue the Defendant(s) on or about <u>July 15, 2017</u>

## NATURE OF THE CASE

11. <u>Defendant</u> has discriminated against Plaintiff because of the following sex, disability and age.
12. <u>Defendant</u> has discriminated against Plaintiff because of demotion/discharge from employment and denial of benefits.

## FIRST CLAIM FOR RELIEF

13. Defendant failed to provide the requested reasonable accommodations and unreasonably failed to provide other accommodations per the American Disability Act. "The law requires an employer to provide reasonable accommodation to an employee with a disability. An employer doesn't have to provide an accommodation if doing so would cause undue hardship to the employer. Undue hardship means that the accommodation would be too difficult or too expensive to provide, in light of the employer's size, financial resources, and the needs of the business. An employer may not refuse to provide an accommodation just because it involves some cost." (EEOC, n.d.). My restrictions were accommodated for 30 days prior to my last day worked. The reasonable accommodations I requested matched those already provided.

## SECOND CLAIM FOR RELIEF

14. Disability Discrimination and Disparate Treatment
    a. Defendant denied plaintiff the ability to draw long term disability payments through MetLife policy. This was accomplished by the defendant refusing to pay out sick time and refusing to determine what the sick time period would have been, therefore changing the elimination period needed to qualify for benefits.

(Rev. 07/06)                              2

## THIRD CLAIM FOR RELIEF

15. Age Discrimination
    a. Plaintiff was forced to retire early without receiving benefits. Plaintiff was also denied an early out package offered to other employees.

## FOURTH CLAIM FOR RELIEF

16. Retaliation based on Disability, Age and Sex
    a. A member of management for the Defendant advised the Plaintiff that she "was not entitled to unpaid sick time and long-term disability payments".

## REQUEST FOR RELIEF

Plaintiff asserts damages to be determined at trial. Plaintiff also requests statutory legal fees and punitive damages allowed under law.

Date: October 9, 2017

(Plaintiff's Original Signature)

815 S. Sweetwater Drive
(Street Address)

Pueblo West, CO  81007
(City, State, ZIP)

719-210-1585
(Telephone Number)

EOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Lisa D. Wilcox-Tomlinson
815 S. Sweetwater Dr.
Pueblo West, CO 81007

From: Denver Field Office
303 East 17th Avenue
Suite 410
Denver, CO 80203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2016-02503 | Christopher D. Padilla, Supervisory Investigator | (303) 866-1336 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Elizabeth Cadle,
District Director

JUL 0 6 2017
*(Date Mailed)*

Enclosure(s)

cc: AMERICAN AIRLINES
FARRINGTON LAW

August 31, 2016

U.S. Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507

Dear EEOC,

I would like to file a discrimination and retaliation claim against my former employer, American Airlines.

I was injured on the job on October, 11, 2014. My injury resulted in the need for shoulder surgery on October 8, 2015. Unfortunately, I ended up having a permanent lifting restriction. I submitted reasonable accommodation paperwork in February 2016. My employer took 3 months before providing a negative response to my request. "The law requires an employer to provide reasonable accommodation to an employee with a disability. An employer doesn't have to provide an accommodation if doing so would cause undue hardship to the employer. Undue hardship means that the accommodation would be too difficult or too expensive to provide, in light of the employer's size, financial resources, and the needs of the business. An employer may not refuse to provide an accommodation just because it involves some cost." (EEOC, n.d.). My restrictions were accommodated for 30 days prior to my last day worked. The reasonable accommodations I requested matched those already provided.

At the end of January 2016, I also applied for Long Term Disability through my MetLife benefits plan. I was advised by MetLife that my claim qualified for payments, however, I had unused sick time available from my employer. This sick time needed to be paid out in order for my benefits to begin.

I made numerous requests for American Airlines to pay out this accrued sick time. I was advised, in order for it to be used, I needed to return to the workplace. However, they would not accommodate my restrictions, therefore I was unable to return. I made many requests for an exception to be made, these requests were denied time after time.

This is the 1st part of my discrimination and retaliation claim. In January 2016, American Airlines made an early-out offer of $40,000 for full time employees. This offer was different from past offers as it did not include those employees on medical leave. This is also one of the reasons American Airlines denied my requests for the sick time payout. By doing so, I would have been on payroll and eligible for the buyout offer.

I hired an attorney to assist with my workers' compensation claim, he also encountered resistance to paying out these accrued hours. We finally came to an agreement on June 18, 2016, where they agreed to a lump sum settlement and payment of my accrued vacation and sick time, in exchange for my reluctant resignation from the company. I had previously been advised by

the HR department that I could remain on medical leave for 5 years, in the hope that my condition might improve.

It took a second letter to the CEO, Douglas Parker to get the sick time paid out. It was finally paid on August 8, 2016.

This brings me to the 2nd part of my discrimination and retaliation claim. With the sick time payout 8 months later, this changed the elimination period for my long term disability claim. MetLife has been trying to work with me on my claim. They requested for American Airlines to recalculate what my last day paid *would have been if* my sick time had been paid out after my last day worked, June 30, 2015. This would allow them to show my elimination period coinciding with my treatment. American Airlines once again refused this request.

I have spoken at length with HR Manager, Lisa Valiente regarding this issue. She stated I 'do not qualify for long term disability payments' based on the late payout and adjusted elimination period. She also advised me that I was 'trying to get something I wasn't entitled to' in addition to stating I wasn't entitled to the sick time either.

I settled with American Airlines in good faith. The insurance company believes I have a viable claim for long term disability. I simply need my former employer to advise in writing what my last day of sick leave would have been had it been provided in a timely fashion. Instead, I have been refused this simple request, with the HR manager appearing upset and vindictive that I received a settlement. As I understand it, she is not the person with the authority to determine the validity of my long term disability claim--that is the insurance company's job. American Airlines does not seem to be acting in good faith. Had my sick leave been paid out appropriately, there would have been no issue as to the timing of the long term disability. By delaying that payment until after my surgery and subsequent treatment, American Airlines put me into this position. All that is needed is a simple letter. American Airlines and its HR manager are discriminating and retaliating against me for asserting my rights.

I claim that I am being discriminated and retaliated against for the following reasons:

1. Age 49
2. Woman
3. I have a disability previously accommodated
4. 28 years of service to the company (at maxed out pay scale)
5. I filed previous harassment / hostile work environment claims against my employer


Respectfully,

*(signature: Lisa D. Tomlinson)*

Lisa D. Tomlinson

# References

*EEOC*. (n.d.). Retrieved from U.S. Equal Employment Opportunity Commission: https://www.eeoc.gov/laws/types/disability.cfm